**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**JASON BROWN,**

                    **Plaintiff,**             **No. _____**

**-against-**                                        **COMPLAINT**

**MIDLAND FUNDING LLC and**
**FORSTER & GARBUS, LLP,**

                    **Defendants.**
_____

### I. Introduction

1.    This is an action for damages brought by an individual consumer for the violation by Defendants Midland Funding LLC and Forster & Garbus, LLP of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.  The debt sought to be collected by Midland Funding, LLC and Forster & Garbus, LLP was an alleged consumer credit debt of Plaintiff Jason Brown to pay money arising out of a transaction in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family, or household purposes.

### II.    JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.  Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

### III.    PARTIES

3.    Plaintiff Jason Brown ("Brown") is a natural person residing in the County of Wayne at 8126 Brown Road, Wolcott, New York 14590.

4.      Upon information and belief, Defendant Midland Funding LLC ("Midland Funding"), is a foreign limited liability company organized under the laws of Delaware engaged in the business of collecting debts in New York State and elsewhere and is authorized to do business in this state, and has an address for service at c/o Corporation Service Company, 80 State Street, Albany, New York 12207.

5.      Upon information and belief, Defendant Forster & Garbus, LLP ("Forster & Garbus") is a domestic registered limited liability partnership engaged in the business of collecting debts in New York and is authorized to do business in this state, and has an address for service at 60 Motor Parkway, Commack, New York 11725.

6.      Midland Funding is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, and who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and/or Midland Funding itself as a result of the purchase of consumer credit debt already in default at the time of purchase.

7.      Forster & Garbus is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, and who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

8.      Brown qualifies for purposes of this action as an individual consumer pursuant to the FDCPA, i.e., a natural person allegedly obligated to pay any debt.

### IV.    FACTUAL ALLEGATIONS

9.    On or about March 11, 2015, Midland Funding by its attorneys, Forster &

Garbus, filed a collection action against Brown in Supreme Court, Wayne County, State

of New York, entitled *Midland Funding LLC A/P/O Webbank v. Jason Brown*, Index No.

78291.  The collection summons and complaint was served on Brown subsequent to

filing.

10.    The complaint in the collection action alleged a single cause of action in

which Midland Funding alleged that it purchased a credit card account on which Brown

was liable for $1,397.48 and on which Webbank was the original creditor.  The summons

in the collection action also indicated that the original creditor was Webbank.

11.    Midland Funding further alleged in the collection complaint to have obtained

the credit card account originally owned by Webbank on which it brought the lawsuit

against Brown, after the credit card account was already in default.

12.    On or about April 20, 2015, Brown interposed an answer in the collection

action in which he denied the allegations of the collection action complaint, and raised

various affirmative defenses, including lack of standing.

13.    Subsequent to serving an answer, Brown brought a motion for summary

judgment in the collection on the grounds that Midland Funding could not prove with

admissible evidence that it owned any account on which Brown was originally liable to

Webbank, and therefore lacked standing to bring the collection action.  (The court's

denial of the summary judgment motion was appealed to the Appellate Division, Fourth

Department, where it is now pending, thus we still take the position that Midland Funding

had no standing to bring the collection action under New York State law, and did not own

any debt on which Brown was liable.  However, certain of Midland Funding's papers in opposition to the summary judgment motion support claims made in this FDCPA action).

14.    Among the papers submitted by Midland Funding in opposition to the collection action summary judgment motion was an Affidavit of Witness of Plaintiff (Debt Buyer) made by Kayla Stender, an officer of Midland Funding, sworn to April 6, 2015, in which Ms. Stender alleged that the chain of title of the Brown account was as follows: Webbank (original creditor) sold the account to Bluestem Brands, Inc. (debt buyer), which in turn sold the account to Midland Funding.  Also in the opposition was the Affidavit of Jenna Taylor, another officer for Midland Funding, sworn to March 24, 2015, which alleged that Brown opened a Webbank account on November 23, 2009.  The "Field Data" spreadsheet submitted with the opposition also indicated that the account was opened on November 23, 2019.

15.    Upon information and belief, if Brown opened such an account on November 23, 2009, it would have been with CIT Bank as the original creditor, not Webbank. Webbank would not be the originator of such an account opened on November 23, 2009, nor would it be the original creditor.

16.    However, as stated above, the collection summons as well as the collection complaint stated that the original creditor was Webbank, not CIT Bank, and according to the Stender Affidavit, CIT Bank was not even included in the chain of title.

17.    Therefore, the designation of Webbank as the original creditor was false and deceptive.

18.    The caption in the collection action against Brown designated the plaintiff as *Midland Funding LLC A/P/O Webbank*.  The term "A/P/O," as stated in the collection

complaint, is short for "as purchaser of."  Therefore the caption on the summons as well as on the complaint in the collection action set forth a plaintiff called "Midland Funding LLC as purchaser of Webbank," an entity that has no legal existence.

19.    Midland Funding LLC never purchased Webbank.

20.    The designation of the plaintiff in the collection claim is therefore inaccurate, deceptive, and confusing.  Such a plaintiff does not actually exist.

21.    An unsophisticated consumer that was a defendant in the collection action would be confused by such a designation, and would not know who the plaintiff was – whether it was Midland Funding LLC; Webbank; Midland Funding as the purchaser of Webbank; or otherwise.  The consumer could easily be deceived into believing that the Webbank was bringing the collection claim rather than a debt buyer in its own name, or that Midland Funding LLC was authorized as the purchaser of Webbank to bring the collection claim without any transfer of the disputed account to Midland Funding. Moreover, the term "A/P/O" is not a recognized legal term, and there is no legitimate basis for putting this term in the caption.  Finally, an unsophisticated consumer would be materially deceived by naming a non-entity as the plaintiff in the captions of the summons and complaint.

22.    Because Defendants maintain that the original creditor was Webbank, they represent that the chain of title commences with Webbank, and not CIT Bank, the actual original creditor.  By deeming the chain of title as going from Webbank as the original creditor, to Bluestem Brands, Inc. to Midland Funding, Defendants have deceptively misrepresented the chain of title.  In addition, since they implicitly deny that CIT Bank is in the chain of title, they cannot prove that Midland Funding owns any debt on which

Brown is liable because to do so would require proof that CIT Bank was part of the chain

of title, and Brown was not liable on a debt in which Webbank was the original creditor.

Furthermore, upon information and belief, proof would also be required that to show that

MetaBank was in the chain of title prior to Webbank and after CIT Bank, since

MetaBank was an intermediary assignee between CIT Bank and Webbank.


*V.  FIRST CLAIM FOR RELIEF*

23.    Brown repeats and realleges and incorporates by reference the above

paragraphs of the Complaint.

24.    Midland Funding and Forster & Garbus violated the initial part of 15 U.S.C. §

1692e of the FDCPA, which provides: "§ 1692e. False or misleading representations. A

debt collector may not use any false, deceptive, or misleading representation or means in

connection with the collection of any debt."  Midland Funding and Forster & Garbus

misrepresented in the collection summons, as well as the collection complaint, that the

original creditor on the Brown account was Webbank, when upon information and belief

the original creditor was CIT Bank.  Defendants further violated this provision by

misrepresenting that CIT Bank and MetaBank were not in the chain of title.  Defendants

falsely represent that Midland Funding is the owner of a debt on which Brown is liable

that has Webbank as the original creditor rather than CIT Bank.  Defendants implicitly

deny a chain of title running from CIT Bank to Midland Funding.

25.    Midland Funding and Forster & Garbus violated 15 U.S.C. § 1692e by

deceptively and misleadingly designating the plaintiff in the caption of the collection

claim as "Midland Funding LLC A/P/O Webbank," an entity that has no legal existence.

Further, Midland Funding deceptively and misleadingly represented that Midland Funding purchased Webbank, and was suing in the capacity of a purchaser of Webbank when in fact it was not.  In addition, an unsophisticated consumer could easily be further mislead and confused by such a designation, and would not know if the plaintiff was Midland Funding LLC; Webbank; Midland Funding as the purchaser of Webbank; or otherwise.

26.    Midland Funding and Forster & Garbus violated Section 1692e(2)(A) of the FDCPA by falsely representing in its collection complaint against Brown the character and legal status of the alleged debt.  Midland Funding and Forster & Garbus falsely represented in the collection summons and collection complaint that Webbank was the original creditor when CIT Bank was the original creditor.  Defendants further violated this provision by misrepresenting that CIT Bank and MetaBank were not in the chain of title.  Defendants falsely represent that Midland Funding is the owner of a debt on which Brown is liable that has Webbank as the original creditor rather than CIT Bank.  Defendants implicitly deny a chain of title running from CIT Bank to Midland Funding.

27.    Midland Funding and Forster & Garbus violated 15 U.S.C. § 1692f, which provides in relevant part: "§ 1692f. Unfair practices. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  Midland Funding and Forster & Garbus violated § 1692f by misrepresenting the identity of the original creditor as Webbank, when CIT Bank was the original creditor, and further violated this section by designating the plaintiff as a non-entity, "Midland Funding A/P/O Webbank." Defendants also violated this provision by misrepresenting the chain of title and falsely claiming that Midland Funding was the owner of a debt on which Brown was liable that

had Webbank as the original creditor.  It is clearly unfair and unconscionable to misrepresent the identity of the original creditor, the identity of the plaintiff, the chain of title, and ownership of the debt.

28.    Midland Funding and Forster & Garbus also violated Section 1692e(2)(A) of the FDCPA as to the character and legal status of the alleged debt by stating in the caption of the collection claim that it was the purchaser of the original creditor, and therefore would be entitled to collect on the debt as purchaser of the original creditor rather than as a debt buyer.  Midland Funding's claim that it was the purchaser of the original creditor also violated 15 U.S.C. § 1692e(10) since this claim was a false representation and deceptive means to collect or attempt to collect a debt.

29.    Midland Funding and Forster & Garbus violated 15 U.S.C. § 1692e(14) with its claim in the caption to be "Midland Funding LLC A/P/O Webbank," a nonexistent entity, by using a "business, company, or organization name other than the true name of the debt collector's business, company, or organization."

30.    All the misrepresentations, deceptions, and unconscionable and unfair means employed by Midland Funding and Forster & Garbus were material and likely to mislead the least sophisticated debtor.

31.    As a result of the above violations of the FDCPA, Midland Funding and Forster & Garbus are liable to Brown for his actual damages for the cost of attorney fees in defending the collection lawsuit in the amount of $300, statutory damages, and costs and attorney fees for prosecuting this action.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.  Actual damages in the amount of $300.

B.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k.

C.  Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E.  For such other and further relief as may be just and proper.

Dated: March 4, 2016

Respectfully submitted,

s/David M. Kaplan
David M. Kaplan
Attorney for Plaintiff
2129 Five Mile Line Road
Penfield, NY 14526
585-330-2222
dmkaplan@rochester.rr.com